IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY SHIVELY, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:10cv00010 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| MPW INDUSTRIAL WATER SERVICES, INC, | : | MAGISTRATE JUDGE ABEL |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Gary Shively's ("Shively") Motion to Dismiss the Counterclaims of Defendant MPW Industrial Water Services, Inc. ("MPW"). (Dkt. 5). Plaintiff Shively filed his Complaint alleging three factually intertwined claims for being wrongfully discharged from MPW. Defendant MPW filed its Answer to Shively's Complaint and included two Counterclaims alleging that Plaintiff Shively is liable to MPW for unjust enrichment ("Counterclaim I") and contribution ("Counterclaim II"), as a result of Shively being involved in two vehicular accidents while operating vehicles owned by MPW. Plaintiff Shively moves to dismiss the Counterclaims of MPW pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Rule 12(c). For the reasons set forth below, Plaintiff's Motion to Dismiss is **DENIED.**

**II. BACKGROUND**

Plaintiff Shively was employed by Defendant MPW in its Licking County regeneration facility from June of 1991, until his discharge on November 3, 2009. From June 1991 until some time in July 2009, Plaintiff worked for Defendant in the position of driver/technician. During

the course of Shively's employment with MPW, he was involved in two car accidents, one in May 2009, and one in July 2009.

On May 22, 2009, Shively was involved in a traffic accident while driving a company owned box truck. When Shively was making a right hand turn, the other vehicle involved in the accident was sitting past the stop stripe at a red light (Shively had a green light). Once Shively realized that he did not have enough clearance to turn the truck without striking the other vehicle, he stopped the truck short of the other vehicle. Approximately 10 seconds later, the other automobile struck the box truck that Shively was driving, shattering the other vehicle's turn signal cover. Shively was not cited for any violation, and no one was injured in the accident.

The MPW Accident Review committee met and reviewed the details of the incident and decided that Shively was at fault. Shively was sent an "Internal Memorandum" from Victoria DeRan telling Shively that he should reimburse the company $1,000, which would be garnished from his paycheck in $250 increments. Shively was also sent a "Payroll Deduction Form," which he was told needed to be signed within two weeks after he received the memo in order for MPW to be permitted to garnish funds from Shively's paycheck. Shively refused to sign the Payroll Deduction Form. The company neither approached Shively to sign the Payroll Deduction Form, nor to pay the company any reimbursement regarding the accident. Shively was never presented with any bills, or any proof that the company had paid any money to a third party regarding the accident.

On July 10, 2009, Shively was involved in another accident on company property where Shively was driving a company vehicle, and struck another company vehicle. Shively was shown the "Corrective/Disciplinary Action" form on the accident, but was never presented with

any bill, or any proof of the cost to repair the damaged company vehicle. MPW never approached Shively to pay any reimbursement regarding this accident.

On October 7, 2009, Shively sustained a serious injury to his right foot as a result of dropping a heavy part while working in MPW's maintenance building. Shively pursued a Workers Compensation claim that day. As a result of his injury, Shively was unable to work after October 7, 2009. On November 3, 2009, an MPW Human Resources representative called Shively to inform him that he had been terminated for an alleged safety violation in connection with his October 7, 2009, injury.

On January 5, 2010, Shively filed a Complaint alleging that he had been wrongfully discharged from MPW. On March 8, 2010, Defendant MPW filed its Answer to Shively's Complaint and included two Counterclaims alleging that Shively is liable to MPW for the damage that resulted from two vehicular accidents that occurred while Shively was operating vehicles owned by Defendant MPW. MPW claims that it is entitled to recovery under the theory of unjust enrichment and/or contribution because it maintained a policy regarding vehicle responsibility. MPW claims that there was a section of its Employee Handbook that alluded to a "Vehicle Responsibility Policy" (the "Vehicle Policy") that discusses the liability of an employee operating a vehicle owned, leased or rented by MPW. Under the Vehicle Policy, any employee responsible for damage to a vehicle is required to pay a portion of the costs up to $1,500, and must sign a payroll garnishment form within seven days of the accident. Defendants claim that acceptance of and adherence to the Vehicle Policy was "a condition" of Shively's employment with MPW. MPW does not claim, however, that the Vehicle Responsibility Policy was, in and of itself, a separate "express contract" different from the Handbook in which it was

contained. Defendant MPW now seeks reimbursement for monies paid by MPW for damages incurred due to Shively's alleged negligence in the two car accidents in which he was involved.

On March 16, 2010, Plaintiff Shively filed a Motion to Dismiss Counterclaims of Defendant MPW, and on April 8, 2010, Defendant MPW filed a Memorandum in Opposition to Plaintiff Shively's Motion to Dismiss Counterclaims. On April 23, 2010, Plaintiff Shively filed a Reply to Defendant's Memorandum in Opposition to his Motion to Dismiss Counterclaims.[1]

### III. STANDARD OF REVIEW

#### A. Rule 12(b)(6)

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff's ground for relief must entail more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although a plaintiff need not plead specific facts, the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), 'a…complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Klusty v. Taco Bell Corp.*, 909 F.Supp. 516, 520 (S.D. Ohio, 1995) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th

---

[1] On May 14, this Court granted MPW's Motion to Strike Plaintiff's Reply because it did not comply with Federal Rules. Plaintiff submitted a new Rely; however, because the Plaintiff failed to comply with this Court's order in the second Reply by again improperly citing to an affidavit that was not part of the record, it was not considered.

4

Cir. 1988)). Additionally, the Court must accept as true all factual allegations contained in the complaint, and it must be construed in a light most favorable to the party opposing the motion to dismiss. *Davis H. Elliot Co. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975).

### B. Rule 12(c)

A case may be dismissed under Rule 12(c) where the moving party "is entitled to judgment as a matter of law." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). When considering a motion for judgment on the pleadings under Rule 12(c), a court must accept as true all allegations contained in the complaint. *Zeigler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir. 2001). "The motion should be granted if it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Id*.

### IV. LAW AND ANALYSIS

MPW has asserted no federal law basis for its Counterclaims of Unjust Enrichment and/or Contribution; therefore, it must be assumed that these claims are brought under the laws of the State of Ohio.

### A. Unjust Enrichment

In Counterclaim I of the Answer and Counterclaims of Defendant MPW Industrial Water Services, Inc., MPW alleges that in reliance on Shively's agreement to adhere to the Vehicle Policy, MPW conferred benefits upon Plaintiff in the form of employment, wages, and other benefits of employment to which Plaintiff was not otherwise entitled. In Ohio, "unjust enrichment occurs when a person 'has and retains money or benefits which in justice and equity belong to another.'" *Johnson v. Microsoft Corp*., 106 Ohio St.3d 278, 283 (Ohio 2005) (quoting *Hummel v. Hummel*, 133 Ohio St. 520, 528 (Ohio 1938)). The purpose of an unjust enrichment

5

claim is not to compensate a party for any loss or damage suffered by him, but to reimburse him for the benefit he has conferred on another. *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335 (Ohio 1954).

Under Ohio law, the defendant must satisfy three elements for an unjust enrichment claim. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (Ohio 1984). There must be: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Id*. Moreover, a claim for unjust enrichment will not be satisfied if a party can only show that it has conferred a benefit upon another; it must be proven, by the party claiming unjust enrichment, that it would be unconscionable for the other party to retain the benefit. *Cincinnati v. Fox*, 71 Ohio.App. 233, 239 (Ohio Ct. App. 1943).

MPW alleges that it relied on Shively's agreement to adhere to MPW's Vehicle Policy, and as a result, conferred benefits upon Shively in the form of employment, wages, and other benefits of employment. Under O.R.C. §4113.15, Shively was entitled to his wages and benefits for work performed as a matter of law. An agreement between an employer and an employee, that the employee perform certain tasks as part of the job and be paid a certain wage and benefits for that work, is a type of contract, not a type of "benefit" allowed by unjust enrichment. See *Staffilino Chevrolet Inc. v. Balk*, 158 Ohio App.3d 1, 16 (Ohio App. 7 Dist., 2004). Nonetheless, because MPW paid for the damage caused by the two vehicular accidents, it did confer a benefit upon Shively, meeting the first element necessary for an unjust enrichment claim. Additionally, MPW had knowledge of the benefit, and because MPW paid for all damages incurred due to Shively's two car accidents, retention of the benefit by Shively would be unjust. As a result, MPW sufficiently alleged an unjust enrichment claim.

"Unjust enrichment operates in the absence of an express contract […] to prevent a party from retaining money or benefits that in justice and equity belong to another." *F & L Ctr. Co. v. H. Goodmand, Inc.*, 2004 WL 2491665, 3 n.2 (Ohio App. 8 Dist., 2004) (citing *Univ. Hosps. of Cleveland, Inc. v. Lynch*, 96 Ohio St.3d 118, 130 (Ohio 2002)). A quasi-contractual claim for unjust enrichment cannot exist as an alternative theory of recovery when a valid and enforceable written contract exists that creates the liability. *Williams v. Goodyear Aircraft Corp.*, 84 Ohio App. 113, 117 (Ohio Ct. App. 1948).

Here, there is no express contract to prevent MPW from an unjust enrichment claim. The Vehicle Responsibility Policy contained in MPW's employee handbook is not in and of itself an "express contract." The Vehicle Policy was "a condition" of Shively's employment with MPW. Additionally, Shively argues that MPW's unjust enrichment claim must fail because the "Payroll Garnishment Form" served as an express contract that would have imposed liability upon him for the damage that occurred as a result of the vehicular accidents; however, Shively's argument is without merit because he never signed the "Payroll Garnishment Form." Before MPW was permitted to garnish $250 portions from Shively's paychecks, Shively needed to sign the "Payroll Garnishment Form." Accordingly, because he never signed the form, it cannot constitute an express contract.

Defendant MPW has adequately pled that Plaintiff Shively is liable to it under the theory of unjust enrichment. Accordingly, Plaintiff Shively's Motion to Dismiss as to Counterclaim I is **DENIED.**

### B. Contribution

In Counterclaim II of the Answer and Counterclaims of Defendant MPW Industrial

Water Services, Inc., Defendant MPW alleges that it paid all the monetary damages associated with Plaintiff's May 2009 accident, which damages were greater than or equal to $1,000 and were the direct result of the conduct of Plaintiff.  Additionally, MPW alleges that it also paid all the monetary damages associated with Plaintiff's July 2009 accident, which damages were greater than or equal to $1,500 and were the direct result of the conduct of Plaintiff.  MPW asserts that Plaintiff is liable to Defendant under Defendant's Vehicle Policy for damages incurred by Defendant due to Plaintiff's May and July 2009 accidents.

Contribution "is the right of a person who has been compelled to pay what another should have paid in part to require partial (usually proportionate) reimbursement." *Travelers Indemn. Co. v. Trowbrigdge*, 41 Ohio St.2d 11, 11 (Ohio 1975) (overruled on other grounds by *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391 (Ohio 1995)).  "No person is entitled to contribution from another, *unless he has paid a debt for which that other is liable*."  *Camp v. Bostwick*, 20 Ohio St. 337, 340 (Ohio 1870).

Defendant MPW has alleged that it paid all monetary damages arising out of Shively's two vehicular accidents that occurred in May and July 2009.  Thus, because Defendant MPW had sufficiently alleged that it paid a debt for which Shively is liable, MPW has pled adequate facts that establish its entitlement to contribution under Fed. R. Civ. P. 12(b)(6). Accordingly, Plaintiff Shively's Motion to Dismiss as to Counterclaim II is **DENIED.**

## V. CONCLUSION

For the reasons stated above, Plaintiff Shively's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

                                                            /s Algenon L. Marbley
                                                        **ALGENON L. MARBLEY**
                                                        **UNITED STATES DISTRICT COURT**

**DATED: July 6, 2010**